**In re William T. MARSTON, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**OHIO CITIZENS TRUST CO., et al., Defendants.**

Bankruptcy No. 81–0144.

Related Case: 80–01999.

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 23, 1983.

John J. Hunter, Toledo, Ohio, for plaintiff.

David R. Harbarger, Cleveland, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Plaintiff's Motion for Summary Judgment. The Complaint in this case seeks to avoid liens on real estate that were recorded during the preference period. For the reasons stated herein, the Motion is GRANTED.

FACTS

The Debtor owned a parcel of property against which three (3) liens existed. The first lien was held by the Defendant, Ohio Citizens Trust Co. (nka Ohio Citizens Bank) pursuant to a mortgage executed and recorded in December of 1977. The second

lien belongs to the Defendant, Elliot Saferin, M.D., Inc., as the result of a judgment entry on a cognovit note. The judgment was rendered on October 14, 1980, and recorded on October 22, 1980. The third mortgage lien also belongs to Ohio Citizens Trust Co., and arose concurrently with the execution of a promissory note. The instrument was executed on November 6, 1979, but recorded on November 12, 1980. The Complaint seeks to avoid the lien of the Defendant, Elliot Saferin, M.D., Inc., and the second lien of Ohio Citizens Trust Co. The Bankruptcy Petition was filed on November 24, 1980.

On April 13, 1981, this Court Ordered that the property be sold and the proceeds sequestered pending and subject to this proceeding. On November 16, 1981, the Plaintiff filed its Motion For Summary Judgment against Ohio Citizen's second lien. On July 15, 1983, the Plaintiff also filed its Motion For Summary Judgment against the Defendant, Elliot Saferin, M.D., Inc. In support of each Motion the Plaintiff has attached his affidavit wherein he avers to the financial affairs of the Debtor and his insolvency.

The Motions For Summary Judgment are unopposed.

### LAW

A Trustee in bankruptcy is empowered to recover a debtor's property which has been transferred prior to the filing of the bankruptcy petition. This power is set forth in 11 U.S.C. § 547, which states in pertinent part:

"(b) ... the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

. . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title. . . .

(e)(1) For the purposes of this section—

(A) a transfer of real property . . . is perfected when a bona fide purchase of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee. . .

(2) For the purposes of this section . . . a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or. . .

(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

In Ohio perfection of a lien on real estate is accomplished by recording the lien with the proper Recorder's Office. *See,* Ohio Revised Code § 5301.25. Pursuant to 11 U.S.C. § 547(e)(1)(A), a transfer occurs when this recording is complete. A review of the record finds that the Defendants have each admitted that the transfer occurred within the preference period. It also reflects that the liens in question were, in fact, perfected or transferred within the ninety (90) days prior to the filing of the petition. Therefore, it must be concluded that the element of the statute requiring a transfer has been fulfilled.

The Defendants have also admitted the antecedent character of the debts. Defendant, Elliot Saferin, M.D., Inc., has admitted this character directly in his answer. De-

fendant, Ohio Citizens Trust Co., has admitted it by acknowledging that the perfection on the mortgage occurred more than one (1) year after the mortgage was executed. A debt is deemed to be of an antecedent character if the transfer made contemporaneously with the incurring of the debt is not perfected within the grace period provided by 11 U.S.C. § 547(e). 4 *Collier on Bankruptcy* 15th § 547.48. Therefore, the antecedent element has been fulfilled with regard to the second lien of Ohio Citizens Trust Co.

The Defendants have each denied that the Debtor was insolvent at the time of the transfer. However, they have offered no evidence to rebutt the presumption of insolvency provided by 11 U.S.C. § 547(f). A party may not rest or rely on their pleadings when faced with a Motion for Summary Judgment. In view of the statutory presumption of insolvency and the absence of proof to the contrary, it must be held that the debtor was insolvent at the time of the transfer.

The remaining consideration that must be made is whether or not these Defendants received more by way of the transfer than they would have through a bankruptcy proceeding. A review of the Plaintiff's Affidavit finds that the Debtor's total indebtedness is approximately Five Hundred Thousand and no/100 Dollars ($500,000.00) while his total assets are less than Forty-five Thousand and no/100 Dollars ($45,000.00). The fixing of these liens would enable the creditors to follow the land until the judgments are paid, whereas avoidance of the liens would require them to participate as unsecured creditors. It is apparent that by requiring them to assume the latter status they will receive less than if their liens would be allowed to remain intact. Given the current asset to debt ratio they will receive only a small percentage of their claims. Therefore, they may not be allowed to obtain the greater advantage.

From the foregoing analysis it must be concluded that there does not exist any material issue of law or fact which requires this Court's consideration. It must be concluded that all the elements of 11 U.S.C. § 547 have been satisfied and that the fixing of the liens constitute a voidable preference. It should be pointed out that this avoidance does not affect their first lien held by Ohio Citizens Trust Co. It is admitted by the Plaintiff in the Complaint that this lien was not subject to the provisions of 11 U.S.C. § 547.

In reaching these conclusions the Court has considered all of the evidence available in this case regardless of whether or not it was specifically referred to in this Opinion.

Accordingly, it is ORDERED that the lien recorded on October 22, 1980, and held by the Defendant, Elliot Saferin, M.D., Inc., be and it is hereby avoided.

It is FURTHER ORDERED that the second lien held by Ohio Citizens Trust Co., and recorded on November 12, 1980, be, and it is hereby, avoided.